UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR05-302-MJP |
| Plaintiff, | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| TAMMY LOUISE BEACHEM, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on April 2, 2009. The United States was represented by AUSA Vince Lombardi and the defendant by Matthew Menzer. The proceedings were recorded on cassette tape.

Defendant had been sentenced on or about February 27, 2006 by the Honorable Marsha J. Pechman on a charge of Social Security Number Fraud and sentenced to 24 months custody, 3 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special conditions included participation in substance abuse testing and treatment, abstention from

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

alcohol, no firearms, provide access to financial information, submit to search, maintain a single checking account for all financial transactions, disclose assets and liabilities, no possession of false identification, and restitution in the amount of $36,191.85. (Dkt. 38, Amended Judgment at Dkt. 39.)

In an application dated January 26, 2009, U.S. Probation Officer Tammy M. White alleged the following violations of the conditions of supervised release:

1. Submitting a false monthly report for December 2007, in violation of standard condition 2.

2. Failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, on or about November 29, 2007, in violation of standard condition 11.

3. Failing to notify the U.S. Probation Officer of the November 29, 2007 police contact in her November 2007 monthly report, in violation of standard condition 2.

4. Failing to notify the probation officer of her March 25, 2008 Snohomish County District Court appearance in her March 2008 monthly report, in violation of standard condition 2.

5. Failing to notify employer Christopher & Banks of her felony conviction, as directed by the probation officer on or about April 14, 2008, in violation of standard condition 13.

6. Using marijuana on or before April 26, 2008, in violation of standard condition 7.

7. Submitting a false monthly report for July 2008, in violation of standard condition

2.

8. Failing to answer truthfully the inquiries of the probation officer on or about January 13, 2009, in violation of standard condition 3.

9. Making threats to her U.S. Probation Officer on or about January 22, 2008, in violation of the general condition that she not commit another federal, state, or local crime.

Defendant was advised in full as to those charges and as to her constitutional rights.

Defendant admitted alleged violation numbers 2 and 3 and waived any evidentiary hearing as to whether they occurred. The government moved to dismiss violation number 4.

The defendant denied alleged violations 1, 5, 6, 7, 8, and 9, requesting a hearing before a Magistrate Judge. The hearing was held on April 2, 2009, at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt. 55.)

**Findings of Fact and Conclusions of Law**

*Violation 1: December 2007 Monthly Report*

A condition of supervised release required defendant to file monthly supervision reports with her probation officer. The standard form, among other information, asks the supervisee to "List all expenditures over $500." In her report for December 2007, the defendant reported three cash payments, for a phone bill, clothes and food. (Pl. Ex. 1.) The basis of the government's contention that defendant filed a false monthly report to her probation officer for the month of December 2007 is a credit report that shows the purchase of a couch from TRS Home Furnishings, the value of which exceeded $500. (Pl. Ex. 2, at 2.) However, plaintiff testified that she only made two installment payments toward the purchase of the couch, neither of which exceeded $500, and then defaulted on the rest of the payments. On cross examination, the

probation officer conceded that the defendant would not have to report payments less than $500. Since the monthly report requires the disclosure of "expenditures" but not "purchases", the government has not established that the information provided in the December 2007 monthly supervision report was false.

I recommend that the defendant be found to have not committed this alleged violation.

*Violations 2 & 3: Failing to Notify of Arrest or Contact with Law Enforcement*

The defendant has admitted violations 2 and 3.

*Violation 4*

The government has moved to dismiss alleged violation 4.

*Violation 5*

The defendant obtained employment at a women's retail clothing store, Christopher & Banks. Ms. White, her probation officer, testified that on April 8, 2008, she inquired of the defendant if she would have access to cash as part of the job, and that Ms. Beachem at first answered in the negative, saying that she was only a customer greeter, then admitted that she would have to use the cash register if the store got busy. She assured Ms. White that the employer was aware of her conviction, but Ms. White indicated that she would have to verify this. Ms. Beachem told her to contact Sharon Bellinger, who she said was her supervisor. Ms. White waited several days to allow the defendant to make the disclosure if she had not already done so.

When Ms. White contacted the store, she talked instead to the store manager, Shay Bennett, who was not aware of the conviction and verified that Ms. Beachem had access to cash. Ms. Bennett reported that she verified that Ms. Bellinger was likewise was not aware of the

conviction. Ms. Beachem was subsequently terminated from employment. Ms. White reviewed the defendant's job application (Pl. Ex. 7 at 1), and noted a negative answer to the question "Have you been convicted of a crime in the past ten years?".

Ms. Beachem asserts that she told Ms. Bellinger that she had a felony conviction, but not the nature of the conviction. Ms. Bellinger, the assistant manager, was a personal friend who assisted Ms. Beachem in obtaining the job. The defendant does not dispute that she failed to inform the store manager of her conviction or that she answered the question erroneously on the job application.

I recommend that the defendant be found to have committed this alleged violation.

*Violation 6: Marijuana Use*

Ms. White testified that Ms. Beachem tested positive for marijuana use on May 1 and 15, 2008. The defendant acknowledged the positive test results, but asserted that she had come in contact with second hand smoke at a relatives' house on April 26th.

With the positive test result, the government has made a *prima facie* showing that the defendant violated supervised release by consuming marijuana. Even with defendant's explanation, she admits to the knowing ingestion of second-hand marijuana smoke in sufficient quantity to be discernable upon testing. I recommend that defendant be found to have committed this alleged violation.

*Violation 7 & 8: Cell Phone*

Defendant's probation officer contends that she failed to give full and complete contact information on her monthly report for July 2008 by failing to provide her cell phone number. Further, Ms. White testified that Ms. Beachem explicitly denied possessing a cell phone, yet was

observed talking on a cell phone by two probation officers, and listed a cell phone number on a job application (Pl. Ex. 13 at 1). The defendant denies that she was using a cell phone on the date in question, and explains that the cell phone listed on the job application was her son's prepaid cell phone, and that she listed it on the application because she sometimes spends the night at her son's house.

While the disparity between the testimony of the probation witnesses as to Ms. Beachem's cell phone use and her adamant denial is troubling, the defendant is not precluded from using a cell phone. Rather, the probation officer avers that the defendant has a cell phone which she failed to report. A preponderance of the evidence does not establish that defendant committed these violations.

*Violation 9: Threats to Probation Officer*

The parties agree that this alleged violation is the most serious. The threats alleged occurred in two voice mail messages left within minutes of each other by the defendant for her probation officer, memorialized in Plaintiff's Exhibit 14.

The sequence of events leading up to the phone calls began with the probation officer's discovery of Ms. Beachem's employment at Christopher & Banks, as described above, and the review of her employment application for that position. Ms. White noticed that Ms. Beachem had listed an individual named "Fleece Parrish" as an employment reference. Ms. White made a site visit to the address listed for the business, which was a house in a residential neighborhood. Finding no one at home, she left her business card, asking the resident to contact her.

Ms. Beachem placed the two phone calls the next day. She was obviously angry at Ms. White for contacting the individual, who she said was her cousin. She insisted that Ms. White

not contact her again, and said, among other things, that she knew what she was going to do to "take care of" the officer.

At the evidentiary hearing, Ms. Beachem admitted that she was upset, agreed that her behavior was not appropriate, and apologized. However, she denied that she intended to, or did in fact, make threats to her probation officer. She had been embarrassed that a relative was informed of her legal problems, and felt that the contact with her cousin by the probation officer was not professional. She explained that her statement that she would "take care of" the officer meant that she would report the actions to Ms. White's superiors.

In fact, Ms. White testified that it crossed her mind that this is what Ms. Beachem intended, although she interpreted the voice mail messages as a warning. Copies of letters to the AUSA Vince Lombardi and to Kathy Stringer and Timothy J. Manion in the United States Probation Office, placed in the court file by the defendant (Dkt. 54 at 2-5) corroborate the defendant's contention as to her intent. While the defendant's statements in the voice mail messages, out of context, do sound threatening, and her tone of voice is obviously extremely angry, they do not rise to the level of criminal threats. Therefore, I recommend that the defendant be found to have not committed this alleged violation.

### **Conclusion**

Therefore, I recommend the Court find defendant violated her supervised release as alleged in violations 2, 3, 5, and 6, that the Court find defendant did not violated her supervised release as alleged in violations 1, 7, 8, and 9, that the court dismiss alleged violation 4, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Pechman.

Pending a final determination by the Court, defendant has been detained.

DATED this 14th day of April, 2009.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Marsha J. Pechman
AUSA: Vince Lombardi
Defendant's attorney: Matthew Menzer
Probation officer: Tammy M. White